### NOSTRAND v. DITMIS et al.

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

HUSBAND AND WIFE—WIFE'S SEPARATE ESTATE.

Where a husband assumes the possession and control of his wife's separate estate, and collects the rents and income thereof, his estate will be held liable for moneys so collected and improperly expended by him for his own benefit.

Appeal from special term, Queens county.

A proceeding to determine the validity of a claim made by Margaret T. Johnson against the estate of her husband, Martin G. Johnson, and referred under the statute, tried before a referee, who reported in favor of the claim. The executors appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*William J. Sayres,* (*D. W. Northrup,* of counsel,) for appellant. *Michael Furst,* for respondent.

DYKMAN, J. Margaret T. Johnson was the wife of Martin G. Johnson, and after his death she presented a claim to his executors against his estate, which was disputed and referred to a referee under the statute, and the referee made a report in favor of the claimant, upon which a judgment has been entered, and from which the defendants have appealed to this court. The claim

was for money collected from time to time, during many years, by the husband, and improperly expended by him for his own benefit. Mrs. Johnson at the time of her marriage had a separate estate consisting of both real and personal property, which she retained during all the period of her married life. Immediately after her marriage her husband assumed the possession and control of her property, and collected the rents and income thereof down to the time of his death. He kept accounts in which he charged himself with the money he received from time to time, and credited himself with such disbursements as he claimed should be paid out of the money of his wife. Most of the charges for money so paid out were improper, and for disbursements made by Johnson for himself, and which he could not legally charge against his wife, and the referee found that of the money so received by Johnson he retained and never paid over to the claimant the sum of $7,814.83, the amount of the items which were so improperly charged. The referee further found that Johnson was a trustee of the property of his wife, and liable as such for the income therefrom which came into his hands, and that the sum above named which he did not pay over to her was improperly retained. The referee also found that the statute of limitations had not run against any part of the account from September, 1869, to January, 1887, except two items, which he deducted. The findings and conclusion of the referee are fully sustained by the evidence, and we concur in both. We have examined all the exceptions in the record, and they present no error. The judgment should therefore be affirmed, with costs. All concur.